## OWEN O'DAY v. NEHEMIAH RYLEY.

Court of Common Pleas.  Sussex.  November 23, 1802.

*Rodney's Notes.*

*Horsey* [for plaintiff].  *Cooper* [for defendant].

Sally Boyce.  Ryley came to Owen O'Day's, broke open the smoke-house, etc., and took out the goods (this Fall three years back) after I nailed the doors and forewarned him.  Afterwards came to me, offered to dress me if I would leave the parts.  Her sister and brother and two cousins were present.

Charles Williams.  Ryley told me he took nothing but a chest and some flax, the flax Sally gave him.  [I] told him I heard he broke open the doors.  He said they were only fastened with a few nails.

Castor Delany.  In Fall three years ago, Ryley told me he had gone to O'Day.  Sally forewarned him.  He broke the doors with a swingletree and took the goods out.

*Cooper* for defendant.  He did not take.  That we had a right to take them, having bought them.

Isaac Fisher.  Were different claims on the goods.  Daw was to give me one-third for the place.  Green and Philip Marvel claimed I purchased Sally Boyce, neither very good or bad.  Ryley told me he broke the door, took the goods, etc.

Charles Marine.  Owen agreed to .give Ryley sixpence per month for the use of those goods.

Eli Lynch.  Owen was to give sixpence per month for the use of the goods till he was satisfied; it was some time in Summer and Fall.

John Carlisle.  In 1799 goods were left in O'Day's possession.

Betsey Fielder.

P. Marvel.  In the Fall of 1799.

Stephen Costen.  I asked O'Day how he came to sue his friend Ryley.  Oh, says he, for nothing at all.

Jesse Green.

Morg. Ess. Defendants offered their book in evidence to prove a credit given to defendant for [——].[1] Not admitted.

*Horsey.* 3 Bl.Comm. 3. If a man takes his horse out of my stable by breaking the doors etc., he is liable. Esp.N.P. 403. Special property sufficient.

*Wilson.* 6 Com.Dig. 386. Definition of trespass. I am inclined to think possession alone is not sufficient to maintain trespass *vi et armis.*

*Horsey* in conclusion.

RODNEY, J. If the evidence satisfies you that plaintiff had the rightful or peaceable possession of those goods, and that the goods were taken from his possession by defendant in a forcible manner, you will find for the plaintiff. On the contrary, if you are not satisfied of those facts you will find for the defendant.

Verdict for plaintiff. $16 damages.